OPINION
DOUCET, Justice.
The appellant challenges two trial court rulings, (1) reinstatement of a parenting plan after the mother purged a contempt citation, and (2) the denial of the father’s request to change the children’s sehool district from Sedro Woolley to Mount Vernon.
The father, David Nguyen lives in Mount Vernon. The mother, Alyeia Schmidt-Nguyen lives in Sedro Woolley. They have three children ages three, four and six. After a custody trial the court entered a parenting plan awarding the father slightly more time with the children than the mother from Thursday at 3:30 p.m. until Tuesday at 9:00 a.m. every week. The Court also restricted the mother’s internet postings about the children’s medical conditions and required her to correct and remove false information about the middle child’s medical condition.
In March 2011 the mother was found in contempt, but the court did not change the parenting plan. In May 2011, the mother was found in contempt again for internet postings that contained false medical information regarding the health of the children, failure to communicate school information, and abusive use of conflict. The Court suspended the parenting plan and entered a temporary ninety day parenting plan. The children were placed primarily with their father and the mother’s visitation was limited to every other weekend and a week and a half for summer vacation. To purge the contempt, the mother was required to actively engage in mental health counseling and encouraged to attend personal counseling.
On August 31, 2011, the Court found that the mother had purged her contempt and reinstated the original parenting plan. The father’s request to enroll the children in Mount Vernon schools was denied.
We review the claimed errors for abuse of discretion. The abuse of discre *225 tion standard is highly deferential to the lower court. See In The Matter of E.M. 9 NICS App. 1, 6 (2009), citing Harman v. Apfel, 211 F.3d 1172, 1175 (9th Cir.2000), (“Normally, the decision of a trial court is reversed under the abuse of discretion standard only when the appellate court is convinced firmly that the reviewed decision lies beyond the pale of reasonable justification under the circumstances.”).
The father assigns error to the trial court’s decision to reinstate the original parenting plan, which returned the children to their mother’s care from Tuesday a.m. to Thursday after school every week. The contempt action and the requirements imposed upon the mother to purge the contempt are within the discretion of the trial court. The record does not show that the trial court abused its discretion in deciding that the mother had purged her contempt. The trial court was in the best position to determine whether its own contempt order was purged. The original shared parenting plan was ordered by the trial court based on evidence from a custody trial. It was therefore within the discretion of the trial court to revert back to the original parenting plan, which we find was justifiable under the circumstances. We are not convinced that the trial court decision to reinstate the shared parenting plan after the mother was found to have purged her contempt was an abuse of discretion.
The father claims it was error for the trial court not to follow the advice of the oldest child’s counselor. The trial court may seek the advice of professional personnel. See Title 7 Domestic Relation, 7-04.040(I)(2). However, the trial court is not required to follow the advice or recommendations of professional personnel. The trial court is charged with the duty and responsibility to make determinations as to allocation of parental responsibilities that serve the best interests of children. See Title 7 Domestic Relations, 7-04.010. The trial court is in the best position to weigh the evidence before it. There is no requirement that the trial court must follow the advice of a counselor in the absence of an opposing opinion. We find no abuse of discretion in the trial court decision. The trial court decision should be affirmed on these grounds.
Next, the father claims it was error to deny his request to change the children’s school from Sedro Woolly to Mt. Vernon. The father contends that he served notice of his intent to change schools on the mother. The father’s notice of intent does not divest the trial court of its authority to make determinations that serve the best interests of the children. The trial court retains the authority to make the ultimate decision as to whether changing school districts serves the best interests of the children. Again, we are not convinced that the trial court abused its discretion by denying the father’s request to change school districts. The trial court decision should be affirmed on these grounds.
In her Appellee’s Brief, the mother requested an award of reasonable attorney fees. If a judgment is affirmed, costs shall be taxed against the appellant unless otherwise ordered. Swinomish RAP 3-04.140. This Court having affirmed the decisions of the trial court awards costs against the appellant in favor of the appel-lee. Appellee shall file a cost bill with the Clerk of Court within ten days of the issuance of this opinion.
The decisions of the trial court are affirmed.